Abraham N. Geller, J.
This is a mandamus application to compel respondent Rent Administration to provide petitioner with certified copies of two reports of the administration’s attorneys and of a certain form letter requesting extension of time for decision. As to the letter, that is disposed of by observing that it was addressed to petitioner and there has been no claim that the original is not in his possession. Petitioner’s attorney was permitted, while at the rent office, to see its file on petitioner’s matter. The two afore-mentioned reports were contained therein. The attorney proceeded to make copies *158 thereof for his own use but, in view of their length, requested a certified copy and now has applied for such certification, with a tender of the fees therefor.
Petitioner had instituted a first group of proceedings before the State Rent Commission for a certificate of eviction, the denial of which was affirmed by the Appellate Division (15 A D 2d 878). A second group of proceedings was instituted which resulted in a remission for further consideration and ultimately resulted in a determination in petitioner’s favor directing the issuance of a certificate of eviction (18 A D 2d 887). Such certificate was' actually issued on April 5, 1963, so that the petitioner thereby obtained the relief sought in the two groups of proceedings.
This mandamus application was instituted while the proceedings were pending, but petitioner is still pressing the matter for determination and in addition is requesting, subsequent to the aforesaid decision in his favor, ancillary relief in the form of an examination before trial, the expunging of a certain affidavit, and leave to serve a supplemental petition providing for certification of an additional report and memoranda.
Petitioner first commenced an action for a declaratory judgment for the relief here sought, but the court refused to entertain it and dismissed the complaint. The court observed that “plaintiff’s pleading does not by appropriate allegation make apparent the relevancy of the report to his claimed property rights, and there is no allegation of facts as to his alleged interest and injury ’ ’ (Bernkrant v. Herman, 236 N. Y. S. 2d 886, 888). Obviously, since petitioner has now obtained a determination enforcing his property rights, the foregoing statement is a fortiori with respect to his present position.
Petitioner rests his contention on section 66 of the Public Officers Law, which, however, merely provides procedures for inspection once a document is determined to be open to the public. It does express a strong legislative policy to make available to public inspection all records or other papers kept in a public office, subject only to those exceptional circumstances where secrecy is enjoined by statute or rule or overriding considerations (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 686). The question still requires a consideration of the nature, purpose and application of the particular request involved. There are a number of instances of exemption from such public inspection provided (see, e.g., Cherkis v. Impellitteri, 307 N. Y. 132, 140, 141).
The Administrative Code (§ Y41-7.0, subd. h) provides, as did the State Rent Control Law, that the ‘ ‘ city rent agency shall *159 not publish or disclose any information obtained under this title that the city rent agency deems confidential ”.
This, of course, does not give the agency absolute discretion, but does authorize it to prohibit disclosure where there is a rational basis for its determination in the light of the nature, purpose and application of the particular matter involved. It has been traditionally held that the work product of an attorney and reports prepared containing advice to the client as to suggested procedures are privileged and exempt from disclosure. Petitioner’s attorney in this case was accorded the privilege of inspecting the entire file of the agency, including such reports, but this cannot be transformed into an absolute right to demand certification of papers which the agency is vested with discretion to deem confidential.
Petitioner has failed to establish a clear right to the relief requested. Accordingly, the application- is denied and the petition is dismissed.